UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LEONOR PAGTAKHAN-SO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-370-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALEX CUETO, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motions for attorneys' fees. [Record Nos. 138, 140, 141] The plaintiffs have filed a response in opposition to the motions [Record No. 143] and the defendants have filed replies [Record No. 144, 146, 147]. For the reasons that follow, the Court will grant the relief sought.

This action involves a dispute between members of the Board of Trustees of the Association of Philippine Physicians in America Foundation (the "Foundation") regarding the Foundation's governance and accounting practices. On February 16, 2016, the Court granted the defendants' motions for summary judgment, concluding that the plaintiffs lacked standing to pursue their claims under Michigan's Nonprofit Corporation Act ("Nonprofit Act"), §§ 450.2101 *et seq.*[1]   [Record No. 134] Specifically, the plaintiffs failed to satisfy the requirements of Federal Rule of Procedure 23.1(b) with respect to their derivative claims. *Id.* at p. 8. And while the plaintiffs arguably alleged past personal harms in the context of their

---

[1]      The Nonprofit Act was significantly revised during this litigation on January 15, 2015. Unless otherwise noted, references to the Act are to the version in effect at the time of the Foundation's 2014 Annual Meeting and at the time the Amended Complaint was filed.

claims for declaratory relief, they failed to allege any present or future harm and thus did not have standing to pursue such relief. *Id.* at 10.

The defendants now seek an award of attorneys' fees under the Nonprofit Act, which provides as follows:

> In an action brought in the right of the corporation by a record holder or beneficial owner of shares of the corporation or a member, the court having jurisdiction, upon final judgment and finding that the action was brought without reasonable cause, may require the plaintiff to pay to the parties named as defendants the reasonable expenses, including fees of attorneys, incurred by them in the defense of the action.

M.C.L. § 450.2493(2).

The plaintiffs contend that an award of attorneys' fees is inappropriate for a number of reasons. First, they argue that this action was not brought on behalf of the Foundation. In support, they point to their failure to comply with the pleading requirements for derivative actions set out in Rule 23.1. The Court dismissed the plaintiffs' claims based, in large part, on their abject failure to comply with the Rule. The plaintiffs contend that this failure was intentional because this suit was never meant to be a derivative action. Regardless of the labels the plaintiffs wish to apply to their claims, the Court must examine the substance of the claims to determine their true nature.

A derivative action under Rule 23.1 is brought "to enforce a corporate cause of action against officers, directors, and third parties." *Ross v. Bernhard*, 396 U.S. 531, 534 (1970). *See also Owen v. Modern Diversified Indus., Inc.*, 643 F.2d 441, 444 (6th Cir. 1981) (a derivative action is brought "primarily to enforce the right of the corporation"). Further, "[t]he question whether a suit is derivative by nature or may be brought by a shareholder in his own right is governed by the law of the state of incorporation." *Kennedy v. Venrock Assocs.,* 348 F.3d 584,

-2-

589–90 (7th Cir. 2003); *see also Casden v. Burns*, 306 F. App'x 966, 974 (6th Cir. 2009). Under Michigan law, a suit to "enforce corporate rights or to redress or prevent injury to the corporation, whether arising out of contract or tort, must be brought in the name of the corporation and not that of a stockholder, officer or employee." *Michigan Nat. Bank v. Mudgett*, 444 N.W.2d 534, 536 (Mich. Ct. App. 1989); *see also Gaff v. FDIC*, 814 F.2d 311, 315 (6th Cir.), *vacated in part on other grounds on reh'g*, 828 F.2d 1145 (6th Cir. 1987) (applying Michigan law and recognizing the "general precept of corporate law that a shareholder of a corporation does not have a personal or individual right of action for damages based solely on an injury to the corporation."). An exception exists in cases where an individual can show a violation of an independent duty owed directly to the individual, but the exception does not arise simply because the acts complained of resulted in damage to both the corporation and the individual. *Id.* *See also Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 278–79 (Mich. Ct. App. 2003).

The plaintiffs' contention that their claims were direct rather than derivative is belied by much of the record. During the hearing on the plaintiffs' motion for a temporary restraining order, the Court remarked that, based on the Complaint, it was unclear whether the plaintiffs were pursuing relief in their individual capacities or on behalf of the Foundation. [Record No. 11, p. 5] Plaintiffs' counsel responded that the plaintiffs brought the action "in their capacity as directors for the Foundation." *Id.* at p. 8. Counsel continued: "As directors, they have a fiduciary obligation, and I think standing, to secure the rights of the Foundation and seek judicial redress here when the directors as they exist . . . have violated the bylaws." *Id.* When the Court pointed out that the Complaint was devoid of any allegation that the action was

brought on behalf of the entity, counsel acknowledged that it was a "technical error" and that the plaintiffs would amend their Complaint. *Id.*

The Plaintiffs filed an Amended Complaint on November 5, 2014, but stopped short of stating explicitly that the action was brought on behalf of the Foundation. Rather, the Amended Complaint asserted that each plaintiff brought the action as a trustee of the Foundation. [Record No. 14 at p. 2] The plaintiffs described the suit as "an action for declaratory and injunctive relief to restore honest and competent management to the [Foundation]." *Id.* at 1. The plaintiffs alleged that the defendants had violated the Nonprofit Act by changing the Foundation's governing documents and removing a trustee [Plaintiff Judalena] without a majority vote of the Board. *Id.* at 8. They further alleged that the defendants' actions may cause the Foundation to lose assets and goodwill and that the Foundation's beneficiaries might be harmed. *Id.* The plaintiffs also alleged that the defendants had civilly conspired to violate the Nonprofit Act based on the same conduct. *Id.* Additionally, they demanded an accounting of the Foundation's funds. *Id.*

The plaintiffs' claims, as articulated in the Amended Complaint, address conduct affecting the Foundation as an entity and potential harm to the Foundation and its beneficiaries. Although, as the plaintiffs point out, the word "derivative" is not used, these claims clearly were brought on behalf of the Foundation. In response to the defendants' motion for summary judgment, the plaintiffs stated: "[T]he plaintiffs brought this action in their capacity as Trustees of the Foundation in an attempt [to] obtain declaratory and injunctive relief and to recoup Foundation funds that have been improperly diverted by Dr. De Castro and Dr. Cueto.[2]

---

[2]    The plaintiffs continue to claim that De Castro and Cueto improperly diverted funds from the Foundation but have failed to identify any evidence or testimony supporting that conclusion.

As such, it is the Foundation who has suffered actual damages as a result of the actions of Dr. De Castro and Dr. Cueto." [Record No. 100, p. 19]  When the plaintiffs submitted a brief on the issue of standing, they argued for the first time that they had been harmed individually based on the loss of their positions within the Foundation.  [Record No. 126, pp. 2–5]  The Court determined that the plaintiffs did not have standing with respect to these allegations, however, because there was no allegation of current or future potential harm.  [Record No. 134, pp. 11–13]  Further, the plaintiffs failed to identify, in their Amended Complaint or elsewhere, the provision of the Nonprofit Act that gave rise to their cause of action.  *See Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) ([The Declaratory Judgment Act] does not create an independent cause of action.").  While Section 450.2491 of the Nonprofit Act provides for a shareholder derivative actions and has requirements similar to those of Rule 23.1(b), it appears that the Act does not expressly create a private right of action for persons in the plaintiffs' position.  *See Lokuta v. Wyandotte Boat Club*, No. 250882, 2005 WL 356288, at *2 (Mich. Ct. App. Feb. 15, 2005) ("[W]e will not infer a private right of action in favor of ejected members of nonprofit corporations because an adequate means of enforcement is available pursuant to [an action for corporate dissolution].")

Ultimately, the plaintiffs' pleading appears to be a creative attempt to bring a derivative action without meeting the prerequisite and pleading requirements of Rule 23.1.  By the time the lawsuit was filed, Judalena and Eugenio were no longer trustees and thus did not have standing to bring a derivative suit.  *See Davis v. Comed, Inc.*, 619 F.2d 588, 593 (6th Cir. 1980).  The plaintiffs' eleventh-hour effort to identify some individual harms does not save this action from being a derivative suit.  The allegations in the Amended Complaint control

and, while the pleading discusses Judalena's exit from the Board of Trustees, the claims for relief strictly relate to relief on behalf of the Foundation.  [Record No. 14, pp. 7–9]

Having concluded that the plaintiffs' claims were derivative, the Court must determine whether the action was brought "without reasonable cause."   M.C.L. § 450.2493(2).  While the plaintiffs contend that they filed this action in good faith, they failed to identify any evidentiary basis for their repeated claims that the defendants improperly diverted funds from the Foundation.  *See* Record No. 90–6, pp. 3–6]  Further, there is no indication that the plaintiffs made any effort to comply with the procedural requirements of Rule 23.1.  That the plaintiffs did not seek action by the Foundation itself before bringing a lawsuit undermines the plaintiffs' claim that the Foundation's wellbeing was their paramount concern.  This is particularly egregious considering that the plaintiffs are physicians and the Foundation is a charitable organization serving a free clinic in Payatas, Philippines.  Additionally, Plaintiffs Judalena and Eugenio provided no basis for their standing to assert claims on behalf of the Foundation.  As former trustees, they should have known that they did not have standing to bring a derivative action.  As previously explained, the Amended Complaint did not articulate any other type of claim.

Based on the foregoing, the Court will award attorneys' fees for each defendant.  The plaintiffs request, at the very least, an award of partial fees based on a lack of bad faith.  But considering the charitable nature of the Foundation, the Court is persuaded that complete costs and fees are appropriate.  The plaintiffs request a hearing regarding the reasonableness of the defendants' requested attorneys' fees, but do not provide any specific objections.  The Court has reviewed each request for fees and finds them reasonable.  Therefore, no hearing is necessary.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Association of Philippine Physician in America Foundation's motion for attorneys' fees [Record No. 138] is **GRANTED.**  The plaintiffs shall pay the Foundation's attorneys' fees and costs, which total $100,364.14.

2.      Defendant Alex Cueto's motion for attorneys' fees [Record No. 140] is **GRANTED**.  The plaintiffs shall pay Alex Cueto's attorneys' fees and costs, which total $40,805.84.

3.      Defendant Leticia De Castro's motion for attorneys' fees [Record No. 141] is **GRANTED.**  The plaintiffs shall pay Letitia De Castro's attorneys' fees and costs, which total $50,623.00.

This 1st day of August, 2016.

Signed By:

*Danny C. Reeves*  DCR

United States District Judge